# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-2032V

| | |
|---|---|
| ILSE KERSHAW,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: June 12, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Joseph Adam Lewis, U.S. Department of Justice, Washington, DC,* for Respondent.

## ORDER DENYING MOTION TO REDACT[1]

On December 30, 2020, Ilse Kershaw filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[1] (the "Vaccine Act"), which she amended on July 22, 2022. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on October 4, 2019. Amended Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On May 14, 2024, I issued a decision on the parties' joint stipulation awarding compensation (ECF No. 65). On May 28, 2024, Petitioner filed a timely motion to redact

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the damages decision. Motion to Redact, filed May 28, 2024 (ECF No. 71) ("Mot."). On June 10, 2024, Respondent filed a response (ECF No. 72).

In her motion, Petitioner requests that the case caption be redacted to her initials. Mot. at *2. She explains:

> Petitioner and her spouse have made efforts to protect their online privacy by limiting information about themselves available on the internet, to the extent that they can. They do not have social media accounts and are striving to instill a sense of online privacy in their child, especially as it relates to their medical conditions and [medical] histories . . . Petitioner's full name is associated with limited information that is searchable via internet. Should the Court's May 14, 2024 Decision be published as is, this Decision will likely be at the top of any internet search result . . . . Public disclosure of her vaccine injury is cause for concern and apprehension for petitioner.

Mot. at *4-5.

In support of her motion, Petitioner files Exhibit 20, an affidavit. Petitioner states therein that she has always valued privacy generally, specifically with respect to her physical and mental health. Ex. 20 at ¶ 2. She and her family strive for online privacy to the extent they can control it, and she feels it is important to instill this sense of privacy in her teenaged son, particularly for medical information. *Id*. She wishes to avoid disclosure of her vaccine injury and the amount of compensation awarded. *Id*. at ¶ 3. Anticipation that individuals who know her or family members may have access to information in the decision causes her concern and apprehension. *Id*.

In his response, Respondent asserts that there is a "significant Program interest in not having every case caption reduced to initials. This would make the administration of the Program unmanageable, because the parties and Court rely on citing precedent that is readily accessible and suitably differentiated from other cases in briefing and arguments." Respondent's Response, filed June 10, 2024 (ECF No. 27). Ultimately, however, Respondent defers to my discretion to balance the public and private interests.

I have previously discussed in other decisions how requests to redact decisions and rulings have been treated by the Vaccine Program. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the

2

information. Section 12(d)(4)(A); Vaccine Rule 18(a). However, the Act requires disclosure of the decisions of the special masters or the Court, and thus later allows (once a claim has been decided) the disclosure of information previously not permitted to be shared with the public. Otherwise, the Act provides for redaction of certain categories of information – "medical files and similar files" – *only* if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord* Vaccine Rule 18(b).

Some levels of redaction are explicitly recognized as reasonable in the context of Program cases. In particular, the Vaccine Rules allow the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). By contrast, adult petitioners' names are not afforded automatic protection. Instead, adult claimants must affirmatively establish a basis for redaction. Thus, the Act assumes (consistent with the approach in most federal litigation) that an adult claimant's name *will* be disclosed in the context of publication of a Vaccine Program decision.

Program case law has not established a consistent "rule" for how redaction requests should be analyzed and treated. *Compare W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision) *with Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3.

In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

In the majority of cases where redaction is permitted, the claimant links the request to something private about their health history, or to employment status or professional goals – especially if some nexus with a health care or a medical career is established. *See M.R. v. Sec'y of Health & Human Servs*., No. 16-1024V, 2022 WL 17821105 (Fed. Cl. Spec. Mstr. Oct. 17, 2022) (granting redaction where the petitioner worked as a registered nurse and argued disclosure may impact his patients' perceptions as well as his relationship with his current and potential employers); *K.B. v. Sec'y of Health & Human Servs*., No. 19-902V, 2020 WL 8836064 (Fed. Cl. Spec. Mstr. Dec. 17, 2020 (granting redaction where the petitioner was a pediatrician who was concerned that her name being public in a vaccine case could adversely impact her medical practice and professional relationships with patients and colleagues). Even when a younger claimant suggests a *desire* to go into a medical or health care field later, redaction has been deemed appropriate. *See K.N. v. Sec'y of Health & Human Servs*., 167 Fed. Cl. 142 (2023) (granting in part motion for review and ordering redaction of Petitioner's name where Petitioner alleged disclosure of health conditions may adversely affect future employment in her intended field of scientific research); *see also K.L.,* 2015 WL 11882259 at *1-2 (granting supplemental redaction motion based on effect of disclosure of health information on future employment).

By contrast, a petitioner's general concern for privacy – the kind of concern logically shared by many vaccine case petitioners - is not a sufficient reason alone for redaction, especially when there is a strong public interest in the information's disclosure. *See W.C.*, 100 Fed. Cl. at 461; *Anglewicz v. Sec'y of Health & Human Servs*., No. 20-1504V, 2024 WL 2738987 (Fed. Cl. Spec. Mstr. Mar. 6, 2024) (denying redaction based on Petitioner's preference to keep confidential earnings and income information); *Cooper-Loher v. Sec'y of Health & Human Servs*., No. 18-769V, 2023 WL 4922602 (Fed. Cl. Spec. Mstr. June 15, 2023) (denying redaction where request cited only Petitioner's wish "to protect her privacy in disclosing medical information"). Virtually every Program claimant might prefer to shield their claim from the public eye – but that is not the standard for redaction (and if it is, then the entirety of the Program should involve redacted petitioner names, absent a claimant's expressed willingness to "opt out" of redaction as a default). Redaction is not warranted simply because a particular claimant asks for it (while another neglects to do so).

In this case, Petitioner has not provided a compelling rationale for redaction. While her interest in protecting her online privacy is understandable, she has provided no rationale for distinguishing her privacy interests from those of any other petitioner in the Vaccine Program. Certainly she has not demonstrated something unique about her

4

specific need for privacy under the circumstances. Moreover, the decision she seeks to redact does not contain detailed medical or personal information, nor does it disclose the kind of private medical details that claimants also reasonably hope to keep from being disclosed. Instead, it recounts only the alleged injury and a few other basic statements from her petition and the joint stipulation, while also setting forth the compensation she was awarded. *See Krupp v. Sec'y of Health & Human Servs.*, No. 19-1501V, 2023 WL 9503417, at *4 (Fed. Cl. Spec. Mstr. July 21, 2023) (denying request to redact dismissal decision and noting that it contained "no detailed discussion of petitioner's medical history"). Redaction is not warranted under such circumstances.

## Conclusion

Accordingly, for the reasons set forth above, Petitioner's motion to redact (ECF No. 71) is **DENIED**.

**IT IS SO ORDERED.**

*s/Brian H. Corcoran*
Brian H. Corcoran
Chief Special Master
